UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

AHMED IBRAHIM,

    Plaintiff,

v.                                                           Case No: 6:24-cv-702-JSS-LHP

FITNESS INTERNATIONAL, LLC,

    Defendant.
_____/

**ORDER**

Defendant moves to dismiss or, alternatively, to stay this action pursuant to a binding arbitration agreement between the parties. (Motion, Dkt. 10.) Plaintiff, proceeding pro se,[1] failed to timely respond to the Motion. *See* (Dkt. 13 (granting Plaintiff an additional 14 days to respond).) The court therefore treats the Motion as unopposed pursuant to Middle District of Florida Local Rule 3.01(c). Upon consideration, Defendant's Motion is granted in part.

The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, generally governs the validity and enforcement of arbitration agreements. *See Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1367 (11th Cir. 2005). "The FAA's primary substantive provision provides that a written agreement to arbitrate a controversy arising out of that contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as

---

[1] On May 6, 2024, the court permitted Plaintiff's counsel to withdraw and denied without prejudice counsel's request to stay this matter for 90 days. (Dkt. 12.)

exist at law or in equity for the revocation of any contract.'" *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329 (11th Cir. 2014) (citing 9 U.S.C. § 2). Section 4 of the FAA grants district courts the authority to compel arbitration "upon being satisfied that the making of the agreement or the failure to comply therewith is not an issue." 9 U.S.C. § 4. The FAA thus codifies a "strong federal preference for arbitration of disputes." *Musnick v. King Motor Co.*, 325 F.3d 1255, 1258 (11th Cir. 2003); *see also Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1259 (11th Cir. 2016) ("Federal policy strongly favors enforcing arbitration agreements."). In doing so, the FAA places "arbitration agreements on an equal footing with other contracts, and requires courts to enforce them according to their terms." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 63 (2010) (internal citations omitted). "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 144 S. Ct. 1173, 1176 (2024) (citing 9 U.S.C. § 3).

In support of the Motion, Defendant attaches the parties' arbitration agreement, signed by Plaintiff, compelling the arbitration of "all claims" arising from Plaintiff's employment with Defendant. (Dkt. 10-1.) The agreement specifically references compelling the arbitration of claims brought under the Americans with Disabilities Act and Family Medical Leave Act, such as those brought by Plaintiff in this action. (*Id.*); *see also* (Dkt. 1.) Defendant further submitted the declaration of Mindy Stokesberry, in which Ms. Stokesberry details the circumstances of Plaintiff's employment and

signing of the arbitration agreement. (Dkt. 10-1.) Plaintiff has not responded to the Motion and therefore does not dispute the validity and enforceability of the arbitration agreement or that his claims are subject to its provisions. *See, e.g.*, *Lambert v. Signature Healthcare, LLC*, No. 19-11900, 2022 WL 2571959, at *4 (11th Cir. July 8, 2022) (finding take-it-or-leave-it employment agreement that required submission of all claims relating to employment to arbitration was not unconscionable under Florida law); *Mattson v. WTS Int'l, Inc.*, No. 8:20-cv-1245-CEH-AEP, 2021 WL 1060211, at *7 (M.D. Fla. Mar. 20, 2021) ("If the moving party shows the existence of an agreement, the burden shifts to the party opposing arbitration to 'show that no valid contract existed.'") (quoting *Herrera Cedeno v. Morgan Stanley Smith Barney, LLC*, 154 F. Supp. 3d 1318, 1325 (S.D. Fla. 2016)). Moreover, there has been no showing that Defendant waived its right to arbitration in this matter. *See Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1350 (11th Cir. 2017) ("To establish waiver it must be shown that: '(1) the party seeking arbitration substantially participate[d] in litigation to a point inconsistent with an intent to arbitrate; and (2) [that] this participation result[ed] in prejudice to the opposing party.'") (quoting *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014)).

Accordingly:

1. Defendant's Motion to Dismiss and Compel Arbitration (Dkt. 10) is **GRANTED in part**.

2. The parties are directed to arbitrate this dispute pursuant to their arbitration agreement (Dkt. 10-1.)

3. The case is stayed pending the completion of arbitration.

4. The Clerk of Court is directed to terminate all pending motions and deadlines, if any, and administratively close this case.

5. Defendant shall promptly file a notice, notifying the court of the conclusion of the arbitration or the resolution of this matter.

**ORDERED** in Orlando, Florida, on June 24, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party